CASE 90—INDICTMENT—DECEMBER 6.

# Commonwealth v. Selby.

APPEAL FROM JEFFERSON CIRCUIT

1. INDICTMENT FOR BRIBERY.—As the indictment in this case for bribery at an election alleges that the person bribed was a legally qualified voter and entitled to vote at the election, which is stated to have been duly and legally held, and that the defendant bribed him to vote by giving him a consideration named, and, influenced thereby, he did vote for a candidate named for an office named, nothing more was necessary to be stated.

Commonwealth v. Selby.

2. Same—Misjoinder.—As but the single offense of bribing a single person to vote for a single candidate for office is set out, there was no misjoinder.

3. Repeal of Statutes.—The " Wallace election law" did not repeal the law (section 12, article 12, chapter 33, General Statutes) under which the indictment was found, as to pending prosecutions thereunder.

P. W. HARDIN, Attorney-General, and B. F. BUCKNER for APPELLANT.

AARON KOHN for APPELLEE.

No briefs in record.

CHIEF JUSTICE LEWIS delivered the opinion of the court.

The offense charged in the indictment against appellee, to which a demurrer was sustained, is bribery at an election, committed in substance as follows: That at an election for city officers held in the city of Louisville, in December, 1887, appellee willfully and unlawfully endeavoring to influence one Brown, authorized by law to vote at said election, did tender and pay him two dollars as a bribe to cast his vote for a candidate named for the office of mayor, and in consideration thereof the said Brown did then and there so vote.

The cause of the demurrer is stated as follows: "Defendant says the indictment herein should be dismissed, because, since the filing of the same, the law upon which it was predicated has been repealed by the General Assembly of Kentucky without any repealing (saving) clause."

The offense with which appellee is charged is described in section 12, article 12, chapter 33, General Statutes, and is as follows: "Whoever shall bribe another shall, on conviction, be fined from fifty to one hundred dollars, and imprisoned from ten to

ninety days, or both so fined and imprisoned, and be excluded from office and from suffrage for five years."

It is contended for appellee that the indictment is defective for the following reasons:

1. That the allegations are insufficient to constitute the offense named. 2. A misjoinder. 3. That the effect of an act, entitled "An act to regulate municipal elections in the city of Louisville," approved February 24, 1888, was to repeal the law under which the indictment was found, and appellee is not now punishable therefor. It seems to us that all the facts necessary to constitute the offense charged are stated in the indictment. It is alleged that the person bribed was a legally qualified voter, and entitled to vote at the election, which is stated to have been duly and legally held, and that appellee bribed him to vote by giving him a consideration named, and, influenced thereby, he did vote for a candidate named for an office named.

2. As but the single offense of bribing a single person to vote for a single candidate for office is set out in the indictment, we do not see how there could be a misjoinder of offenses.

In the case of the Commonwealth v. Duff, *ante*, p. 586, the same question arose as to the effect of the act referred to that is presented in this case, and the opinion in that case, to be delivered on the same day as this, is referred to and made part hereof, as containing the reasons for reversing the judgment of the lower court, and remanding this case for further proceedings consistent with this opinion, which is done.